UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID COTTO,<br><br>Plaintiff,<br><br>v.<br><br>TRACY CORNETT, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-66-PPS-JEM |

OPINION AND ORDER

David Cotto, a prisoner without a lawyer, is proceeding in this case "against Captain Rippe (first name unknown), Caseworker K. Doughtery-Shepard, and Unit Team Manager Tracy Cornett in their personal capacity for monetary damages for deliberate indifference to the dirty conditions in his cell in the Westville Control Unit in violation of the Eighth Amendment[.]" ECF 12 at 7. On November 19, 2025, the defendants filed a motion for summary judgment, arguing Cotto did not exhaust his available administrative remedies before filing this lawsuit. ECF 25. With the motion, the defendants provided Cotto the notice required by N.D. Ind. L.R. 56-1(f). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Cotto's deadline to

respond until May 8, 2026. ECF 33. This extended deadline passed over two months ago, but Cotto still has not responded. Therefore, I will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach

to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Cotto's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF and available to Cotto. ECF 25-1 at 1-2, 5. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 25-2 at 3. A Level I appeal must be submitted within five business days "after the date of the grievance response." ECF 25-2 at 12. In February 2025, the grievance office received two grievances from Cotto complaining about sanitary issues in his cell. ECF 25-1 at 6; ECF 25-4 at 4-5. The grievance office combined these two grievances into one and issued a response denying the grievance. ECF 25-1 at 6; ECF 25-4 at 1. At that point, Cotto had five business days to appeal the grievance office's response to this grievance, but the grievance office never received any appeal from Cotto. ECF 25-1 at 7. Because Cotto never appealed the grievance office's response to his grievances, the Grievance Specialist concludes Cotto did not fully exhaust his remedies as outlined in the Offender Grievance Process. *Id.*

---

[1] Because Cotto has not responded to the defendants' summary judgment motion, I accept the Grievance Specialist's attestations and the contents of Cotto's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, the defendants have provided undisputed evidence that Cotto did not fully exhaust his available administrative remedies before filing this lawsuit, as the undisputed evidence shows he submitted two relevant grievances but did not fully appeal the denial of either of these grievances. Cotto doesn't argue or provide any evidence he was prevented from submitting an appeal or his administrative remedies were in any way unavailable. Accordingly, because it's undisputed Cotto did not fully exhaust any of his relevant grievances, and there's no evidence his administrative remedies were in any way unavailable, the defendants have met their burden to show Cotto did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of the defendants.[2]

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 25);

(2) DENIES the defendants' motion to dismiss for lack of prosecution (ECF 35) as moot.

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against David Cotto and to close this case.

**SO ORDERED**.

ENTERED: August 12, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

[2] The Defendants also recently filed a motion to dismiss the case for lack of prosecution based on the plaintiff failing to file a court-ordered status report, return the magistrate consent form, or to respond to the motion for summary judgment by the Court's deadlines. ECF 35. Because the defendants' motion for summary judgment is granted, this motion is denied as moot.